On February 10, 1961, plaintiff-appellant, Earl D. Ingles, and defendant-appellee, Patricia Ann Ingles, were married in Sparta, North Carolina. Appellant subsequently filed a complaint for divorce on April 5, 1995. The trial court issued a final divorce decree on July 24, 1996 in which it terminated the parties' marriage and divided the marital assets and liabilities.
The trial court awarded appellant the marital residence with a net equity of $33,207, a 1969 GMC pick-up truck, and a $4,884.24 share of the $9,144.24 in retirement benefits he receives annually under a General Motors pension plan. The trial court awarded appellee a savings account with a balance of $14,087.58, a 1989 Chevrolet Cavalier, and $9,456.21 in cash. The trial court also awarded appellee the remaining $4,260 of retirement benefits appellant receives annually under the General Motors pension plan. The trial court ordered appellant to pay appellee her annual share of the General Motors pension in twelve monthly installments of $355 each. Appellant now appeals setting forth the following assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN AWARDING APPELLEE-WIFE PROPERTY DIVISION OF $355.00 PER MONTH.
Assignment of Error No. 2:
 IF THE $355.00 PER MONTH AWARD IS MORE PROPERLY CONSIDERED SPOUSAL SUPPORT THAN PROPERTY DIVISION, THE TRIAL COURT ERRED IN AWARDING THIS AMOUNT OF SPOUSAL SUPPORT TO APPELLEE.
In his first assignment of error, appellant contends that the trial court erred in dividing his General Motors pension. A trial court has broad discretion to determine what division of the parties' marital property is equitable in a divorce proceeding. Berish v. Berish (1982), 69 Ohio St.2d 318, 319. "The mere fact that a property division is unequal does not, standing alone, amount to an abuse of discretion." Cherry v. Cherry (1981),66 Ohio St.2d 348, syllabus. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Our review of the record indicates that during the entire time that the parties were married appellant was employed by General Motors, and that appellant's pension is consequently marital property subject to division under R.C. 3105.171. The record also indicates that appellant was awarded $4,884.24 of the $9,144.24 in retirement benefits payable annually under the General Motors pension plan and that appellee was awarded the remaining $4,260. By our calculation, appellant was awarded a fifty-three percent share of the General Motors pension plan while appellee was awarded only a forty-seven percent share. There is simply no way that the trial court abused its discretion in dividing the General Motors pension in this manner. Accordingly, we find no error by the trial court. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant contends that the $355 per month the trial court ordered him to pay appellee was actually a form of permanent spousal support and that the trial court abused its discretion in making such an award. We disagree. The record in this case clearly indicates that the trial court chose to equitably divide the General Motors pension between the parties by ordering appellant to pay appellee $355 per month. These payments were ordered by the trial court as part of the property division in this case and as such do not constitute an award of spousal support. Therefore, appellant's second assignment of error is overruled. The judgment of the trial court is hereby affirmed.
KOEHLER and WALSH, JJ., concur.